53 F.3d 327
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Samuel FUENTES, Petitioner, Appellant,
v.
George A. VOSE, Director of Adult Correctional Institution,
Respondent, Appellee.
 No. 94-1637.
 United States Court of Appeals,
First Circuit.
 April 26, 1995.
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Francis J. Boyle, Senior U.S. District Judge]
 Samuel Fuentes on brief pro se.
 Michael B. Grant on brief for appellee.
 D.R.I.
 REMANDED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Samuel Fuentes appeals from the denial of his petition for habeas corpus relief filed under 28 U.S.C. Sec. 2254. He claimed that officials of the Rhode Island Adult Correctional Institutions (ACI) were required to reactivate a moribund prisoner blood donation program during the years 1983 to 1988. The district court denied the petition on the merits, finding that there was no need for blood donations during this time period.
 
 
 2
 Until its repeal in 1988, R.I. Gen. Laws Sec. 42-56-25 provided as follows:
 
 
 3
 In addition to any time allowed for good behavior pursuant to section 42-56-24 any prisoner sentenced to imprisonment for thirty (30) days of [sic] more in the adult correctional institutions ... shall be entitled to have deducted from the term or terms of sentence of such prisoner ten (10) days for each pint of his or her blood donated by him or her to any veterans' organization, civil defense unit, hospital, the armed forces of the United States, or the Red Cross or any fraternal or religious organizations or for the purposes of scientific research. Each prisoner shall be limited to four (4) donations each year.
 
 
 4
 Petitioner states that he began donating blood pursuant to Sec. 42-56-25 in 1979 and received a total deduction of 90 days from his sentence. He alleges that prison authorities discontinued the program in 1983 even though the statute remained in effect until 1988.
 
 
 5
 Attached to the Sec. 2254 petition is a memorandum dated May 20, 1993 from a deputy warden to petitioner. The memorandum appears to have been written in response to a request by petitioner to donate blood. It denies petitioner's request, stating that there has been no blood donation program since February 1983. There is no evidence that petitioner asked, at any other time, to give blood. As relief, petitioner requested a credit of 200 days for the blood he would have donated from 1983 until 1988-about 33 days per year.
 
 
 6
 We need not reach the merits of petitioner's claim because there is no evidence that he ever presented it to the Rhode Island courts. Thus, it appears that he has not exhausted state remedies. Principles of comity and the requirements of Sec. 2254(b) generally provide that the state should have the first opportunity to address this kind of constitutional claim. See Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989).
 
 
 7
 In this context, we note that there is a state remedy available to petitioner. Under R.I. Gen. Laws Sec. 10-9.1-1, petitioner may, at any time, file an application for post conviction review of the alleged unlawfulness of his custody. Further, Sec. 10-9.1-5 provides that indigent applicants are entitled to representation by a public defender.
 
 
 8
 We therefore remand the matter to the district court with instructions to dismiss the petition without prejudice so that petitioner may exhaust state remedies.